IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHARLES S. MURILLO,**   CASE NO. 3:24 CV 883

    Plaintiff,

    v.   JUDGE JAMES R. KNEPP II

**CONAGRA BRANDS, INC., et al.,**

    Defendants.   MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Currently pending in the above-captioned case are Defendants Conagra Brands, Inc. ("Conagra") and United Food and Commercial Workers Union Local 75 ("the Union")'s respective Motions to Dismiss. (Docs. 14, 17). These motions are fully briefed and decisional.[1] Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons discussed below, both motions are granted and this action is dismissed.

## BACKGROUND

In his Amended Complaint,[2] Plaintiff alleges that on July 7, 2022, he was awarded the role of electrician at a rate of $29.83 per hour "before any accelerated wage rate differential[.]" (Doc. 13, at ¶ 2). The contract was signed on July 10, 2022. *Id.*

---

1. The Union filed a Motion to Join in Conagra's Reply brief. (Doc. 24). That motion is granted.
2. Plaintiff originally filed this case in the Fulton County, Ohio Court of Common Pleas. *See* Doc. 1-2. Following removal to this Court and Motions to Dismiss filed by both Defendants (Docs. 6, 8), Plaintiff was granted leave to amend his complaint. (Doc. 12). The currently-pending Motions to Dismiss (Docs. 14, 17), are directed at that Amended Complaint (Doc. 13). Plaintiff subsequently filed a document entitled "Plaintiff Charles S. Murillo's Sup[p]lemental Pleading Am[]ended Complaint". (Doc. 22). To the extent this filing is construed as a Second Amended Complaint, it is procedurally improper. Further, to the extent such filing is intended to be an opposition to the pending Motions to Dismiss, it is also procedurally improper and

Plaintiff began his work as a contracted electrician at Conagra beginning November 21, 2022. (Doc. 13, at ¶¶ 1-2). He worked at the Archbold, Ohio facility and was represented by the labor union United Food and Commercial Workers 75. *Id.* at ¶ 1. He "was progressing in the role as expected," as evidenced by a January 16, 2023 "mutually signed 30-day peer review." *Id.* at ¶ 2. This review was "later omitted by his supervisor, the maintenance manager, following a union maintenance meeting with senior maintenance staff in regards to working operations and conditions" as Plaintiff's scheduled 60-day peer review approached. *Id.*

On February 16, 2023, Plaintiff was demoted from his position as electrician "without being paid the contractual wage rate or given justification of disqualification from signed contracts[.]" *Id.* at ¶ 3. He asserts this was a breach of the "mutually signed contract from the 30 day peer review[,]" the Collective Bargaining Agreement ("CBA"), and a violation of the Fair Labor Standards Act ("FLSA"), and the Labor Management Relations Act ("LMRA"). *Id.*

On February 22, 2023, a grievance (CA15-23) was filed by Union Steward Michelle Seeley. *Id.*

On March 9, 2023, a first grievance meeting was held. *Id.* at ¶ 4. Plaintiff "signed a document that was not explained to him well" and of which he was not provided a photocopy, despite requesting one. *Id.*

---

untimely because Plaintiff had previously filed his opposition. *See* Doc. 18. The Court's rules allow for a motion, opposition, and reply. *See* N.D. Ohio Local Civ. Rule 7.1. No additional briefing is authorized. "[C]ourts agree that neither local rules . . . nor the Federal Rules of Civil Procedure authorize a non-moving party to file a sur-reply, and that to file a sur-reply the party must obtain leave of the court." *Eberhard v. Chicago Title Ins. Co.*, 2014 WL 12756822, at *2 (N.D. Ohio) (collecting cases). As such, the Court will not consider Plaintiff's "Supplemental Pleading". Nor will the Court consider facts asserted in Plaintiff's opposition brief that were not alleged in his Amended Complaint. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint.") (quoting *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)).

On April 14, 2023, Plaintiff "filed a litigation notice" with Facility Lead Matt Singleton about "the breach of contract and fraud involving not receiving the contracted and accelerated wage rate as agreed upon in the contract and communications meeting as well as demotion before justification of 30-day and 60-day peer reviews." *Id.* at ¶ 5.

A second grievance meeting was held on April 14, 2023. *Id.* at ¶ 6. Plaintiff states he was given a justification for his disqualification, including certain areas needing significant improvement. *Id.* at ¶ 6.

Plaintiff was subsequently placed on a month-long paid leave starting on April 18 or 19, which he asserts is a further breach of the CBA and the LMRA. *Id.* at ¶ 5. He contends that this paid leave status "would have police enforcements escort [P]laintiff if he trespassed on Conagra Archbold facility[,]" which inhibited his access to file a grievance with the Union Steward as he had initially. *Id.* Plaintiff asserts this "therefore equitably toll[ed] the statute of limitations[.]" *Id.*

Plaintiff was terminated on May 18, 2023, via a phone call from Human Resources. *Id.* at ¶ 8. He was not provided a reason for his termination, which he asserts violates Article 20 of the CBA. *Id.* According to the Amended Complaint, Plaintiff was terminated for, *inter alia*, violating Conagra's Electronic Communications & Use Policy. *Id.* at ¶ 10.

At some point, Plaintiff filed a second grievance (CA-701-23) regarding his termination and the events leading up thereto. *See id.* at ¶ 8. A meeting regarding this grievance occurred on May 25, 2023. *Id.* During the meeting, Plaintiff requested a reason for his termination; Singleton "stated there was no reason for the Plaintiff being terminated or suspended." *Id.* A Union representative attempted to secure Plaintiff's re-employment, but Plaintiff was not reinstated. *Id.*

On June 1, 2023, Conagra upheld Plaintiff's discharge "based on [Plaintiff's] acknowledgement . . . that he did violate Conagra's Electronic Communications & Use Policy, as

3

well as the fact that he re-entered the plant during unscheduled hours to access network documents without prior authorization[.]" *Id.* at ¶ 10. On June 14, 2023, the Union informed Plaintiff it would not arbitrate his grievance, and informed him of his right to appeal. *Id.*

Conagra Brands Engineer Dave Anderson told Plaintiff on or about August 31, 2023, that electricians "are exempt from the electronic policy" and that Plaintiff "was entitled to access the company network drive files throughout his entire position as electrician[.]" *Id.* at ¶ 7.

Plaintiff appealed, and in a letter dated September 14, 2023, the Union stated it had reviewed the appeal, but upheld the determination that the grievance should not proceed to arbitration. *Id.* at ¶ 10. Plaintiff attempted to contact the Union, but never received a response. *Id.* at ¶¶ 10, 14.

Plaintiff subsequently filed for unemployment. *Id.* at ¶ 13. On October 16, 2023, Ohio Unemployment ruled in his favor "on the case of wrongful termination and thus he was awarded unemployment funds." *Id.* Conagra did not contest the ruling. *Id.* Plaintiff was paid unemployment in December 2023. *Id.* at ¶ 14.

Plaintiff contends Conagra "engaged in fraudulent concealment by omitting critical information regarding the reasons for termination and the grievance process, with the intent to prevent . . . Plaintiff from discovering the facts necessary to pursue legal action." *Id.* at ¶ 11. He further contends the Union "engaged in fraudulent concealment by misrepresenting . . . Plaintiff's rights under the CBA and failing to disclose material facts about the grievance procedure and the justification for termination conflicting with electrician contracted rights with expected duties[.]" *Id.* Plaintiff asserts these actions prevented him from discovering the basis for his claims, "warranting equitable tolling of the statute of limitations." *Id.* He contends

4

"[e]quitable tolling is warranted for six months for each Defendant, extending the statute of limitations to one year." *Id.* at ¶ 12.

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests a complaint's legal sufficiency. Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a claim survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Because the statute of limitations is an affirmative defense on which the defendant bears the burden of proof, a motion to dismiss "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Jodway v. Orlans, PC*, 759 F. App'x 374, 379 (6th Cir. 2018) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). Nevertheless, a court may grant a motion to dismiss based on a statute of limitations "if the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* (quoting *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013)).

**DISCUSSION**

Defendants move to dismiss Plaintiff's claims as barred by the applicable statute of limitations. *See* Docs. 14, 15, 17. For the reasons set forth below, the Court agrees with Defendants and grants the motions.

Statute of Limitations

Plaintiff's Amended Complaint asserts a hybrid claim under Section 301 of the Labor Management Relations Act against both Conagra and the Union, as well as a claim for unpaid wages under the Fair Labor Standards Act against Conagra. *See* Doc. 13.

### LMRA Statute of Limitations

Section 301 of the LMRA allows federal courts to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees[.]" 29 U.S.C. § 185(a). "It encompasses suits by and against individual employees as well as between unions and employers." *Swanigan v. FCA US, LLC*, 938 F.3d 779, 784 (6th Cir. 2019) (internal quotation and citation omitted). A plaintiff bringing a "hybrid claim[]" "must prove both (1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation." *Id.* (citation omitted).

Hybrid LMRA claims are subject to a six-month statute of limitations. *See* 29 U.S.C. § 160(b); *DelCostello*, 462 U.S. at 172. Such a cause of action "accrues against both the union and the employer when the employee knew or should have known of the acts constituting either the employer's alleged violation or the union's alleged breach[.]" *Lombard v. Chrome Craft Corp.*, 264 F. App'x 489, 490-91 (6th Cir. 2008); *see also Bowerman v. Int'l Union*, 646 F.3d 360, 366 (6th Cir. 2011).

6

Plaintiffs pursuing a hybrid claim must sue once they "reasonably should know that the union has abandoned" their claim. *Saunders v. Ford Motor Co.*, 879 F.3d 742, 751 (6th Cir. 2018) (citation omitted). In *Saunders*, the limitations period began when the union decided not to pursue the employee's grievance at "the second stage of the grievance process[,]" which "end[ed] the Grievance Procedure and dispos[ed] of the grievance." *Id.* at 752. In *Noble v. Chrysler Motors Corp.*, the limitations period began "when the union steward refused to pursue [plaintiffs'] claim" because that was "the latest date at which plaintiffs should have known of the union's breach[.]" 32 F.3d 997, 1001 (6th Cir. 1994). And in *Robinson v. Central Brass Manufacturing Co.*, the limitations period began "when the deadline for requesting arbitration passed without action by the Union." 987 F.2d 1235, 1239 (6th Cir. 1993); *see also Brandon v. Carpenters Local 351*, 2014 WL 3670788, at *3 (N.D. Ohio) ("The statute of limitations begins to run when a union unequivocally indicates its intention not to prosecute a grievance.").

Here, as asserted in the Amended Complaint, Plaintiff was aware the Union did not pursue his first grievance beyond the April 14, 2023, meeting, and was informed in a September 14, 2023, letter that the Union would not pursue arbitration as to his second grievance. Plaintiff's Complaint, filed first in April 2024, was filed more than six months beyond both Conagra's actions and "the latest date at which [plaintiff] should have known of the union's breach[.]" *Noble*, 32 F.3d at 1001. Even taking into account the one month tolling period (April to May 2023) Plaintiff claims for the time he was on leave before his termination and could not access the facility to file a grievance (*see* Doc. 13, at ¶ 5), the complaint remains untimely.

**FLSA Statute of Limitations**

Conagra further contends Plaintiff's FLSA claim is barred by the statute of limitations. (Doc. 15, at 7-8). Plaintiff's opposition does not specifically address this argument. *See* Doc. 18.

7

The Sixth Circuit has held that the six-month LMRA statute of limitations applies to a companion claim for unpaid wages under the FLSA when that claim relies on an interpretation of the underlying CBA. *Martin v. Lake Cnty. Sewer Co.*, 269 F.3d 673, 679 (6th Cir. 2001); *see also Liggons v. Gen. Motors, LLC*, 2024 WL 3094707, at *2 (6th Cir.) (explaining the proposition for which *Martin* stands).

Plaintiff's unpaid wage claim is based on the CBA. Specifically, he asserts that he was demoted "without being paid the contractual wage rate or given justification of disqualification from signed contracts, thus being a violation of the Fair Labor Standards Act" and that this is "a breach of the Collective Bargaining Agreement[.]" (Doc. 13, at ¶ 3). Because his claim is so based, the six month statute of limitations from the LMRA also applies to Plaintiff's FLSA claim. *See Martin*, 269 F.3d at 679.

"[A] cause of action under the FLSA accrues on the date payment is owed." *Sholtz v. Emergency Transport, Inc.*, 2021 WL 4756994, at *5 (N.D. Ohio) (citing *Atkinson v. TeleTech Holdings, Inc.*, 2015 WL 853234, at *7 (S.D. Ohio). Here, Plaintiff asserts he was terminated on May 18, 2023; logically, this can be the last date payment was owed, and Plaintiff presents no argument for a different date. *See* Doc. 18-1 (addressing exclusively the LMRA claim). Plaintiff's FLSA claim, first filed in April 2024, was filed beyond the six month statute of limitations. *see Martin*, 269 F.3d at 679.

Equitable Tolling

Seemingly recognizing the statute of limitations conundrum, Plaintiff's Amended Complaint and opposition brief assert equitable tolling based on fraudulent concealment applies to save his claims. *See* Doc. 13, at ¶¶ 5, 11, 12; Doc. 18.

8

"Equitable tolling due to fraudulent concealment applies when (1) the defendant concealed the conduct that constitutes the cause of action, (2) the defendant's concealment prevented the plaintiff from discovering the cause of action within the limitations period, and (3) the plaintiff exercised due diligence in trying to find out about the cause of action." *Hollingsworth v. Ford Motor Co.*, 644 F. App'x 496, 502–03 (6th Cir. 2016) (citing *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009)). "Circumstances constituting fraud must be stated with particularity." *Brandon*, 2014 WL 3670788, at *3 (citing Fed. R. Civ. P. 9(b); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1160 (6th Cir. 1991)).

Plaintiff contends he is entitled to equitable tolling because Conagra "engaged in fraudulent concealment by omitting critical information regarding the reasons for termination and the grievance process, with the intent to prevent . . . Plaintiff from discovering the facts necessary to pursue legal action" and the Union "engaged in fraudulent concealment by misrepresenting . . . Plaintiff's rights under the CBA and failing to disclose material facts about the grievance procedure and the justification for termination conflicting with electrician contracted rights with expected duties[.]" (Doc. 13, at ¶ 11). In his opposition brief, he seemingly alleges that he discovered this "fraudulent concealment" through his successful Ohio unemployment case, and later through Defendants' briefing. *See* Doc. 18-1, at 3 ("Conagra Fraud of Electrician Job Bid Pay and 30 Day Peer Review implied in 'Justification for Disqualification' Refuted by Notice of Fraud and Plaintiff's actions challenging through demotion as discovered very late Ohio Unemployment Ruling Concluded December 2023."); *id.* at 3-4 ("UFCW75 Fraudulent Concealment of Liabilities for breaching CBA Articles 9 and 20 with duty of fair representation with article 20 discovered End of August and Article 9 breach not discovering last

9

injury claim until prompted by Defendants' attorney on motion to dismiss July 19th 2024 legal jurisdiction prompting dormant archived evidence.").

First, as to anything Plaintiff discovered at the "end of August" (presumably 2023, as Plaintiff's brief was filed August 16, 2024), the complaint remains filed more than six months after, and remains beyond the six-month statute of limitations. As Conagra points out, the Amended Complaint alleges part of the justification for Plaintiff's discharge was his violation of the Electronic Communications and Use Policy. *See* Doc. 13, ¶ 10. He contends Conagra Brands Engineer Dave Anderson told him "on or about August 31, 2023" "that electricians are exempt from the electronic policy[.]" *Id.* at ¶ 7. But the statute of limitations on Plaintiff's grievance regarding his termination did not begin to run until he was informed in a September 14, 2023, letter that the Union would not pursue arbitration. Any August 2023 discovery pre-dates the start of the six month period and cannot toll it.

Second, as to the Union, Plaintiff alleges only that the Union "engaged in fraudulent concealment by misrepresenting . . . Plaintiff's rights under the CBA and failing to disclose material facts about the grievance procedure and the justification for termination conflicting with electrician contracted rights with expected duties[.]" (Doc. 13, at ¶ 11). Fraudulent concealment as a basis for equitable tolling, like other claims of fraud, must be pled with particularity. *See Guy v. Mercantile Bank Mortg. Co.*, 711 F. App'x 250, 253 (6th Cir. 2017); *see also Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 446 (6th Cir. 2012) ("A plaintiff must plead the factual allegations underlying a claim of fraudulent concealment with particularity."). The plaintiff must plead facts suggesting affirmative acts of concealment; "[m]ere silence, or [an] unwillingness to divulge one's allegedly wrongful activities, is not sufficient" to warrant tolling. *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465-72 (6th Cir. 1988). "[T]here must be some

trick or contrivance intended to exclude suspicion and prevent inquiry." *Carrier*, 673 F.3d at 446-47 (internal quotation marks omitted). "To plead fraud with particularity, the plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks omitted). "[A] conclusory reference to active concealment does not meet this standard." *Fillinger v. Lerner Sampson & Rothfuss*, 624 F. App'x 338, 341 (6th Cir. 2015)

Plaintiff's vague statement that the Union "engaged in fraudulent concealment by misrepresenting . . . Plaintiff's rights under the CBA and failing to disclose material facts about the grievance procedure and the justification for termination conflicting with electrician contracted rights with expected duties" (Doc. 13, at ¶ 11) does not meet the above standard. As such, he has not adequately pled facts supporting equitable tolling.[3]

Motion to Compel Discovery

Plaintiff also filed a Motion to Compel Discovery. (Doc. 19). However, as Conagra points out (Doc. 20), Plaintiff's motion is premature as discovery in this case has not begun. And, contrary to Plaintiff's contentions (Doc. 18-1, at 3), he is not entitled to discovery to establish his equitable tolling argument. *See Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1041 (6th Cir. 2024) ("Put simply, a plaintiff is 'not entitled to discovery' to determine whether a claim can survive past the pleading stage."); *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) ("[A] plaintiff may not use the discovery process to obtain the[ ] [necessary] facts after filing suit.").

---

3. Plaintiff's Motion for Extension of the Statute of Limitations (Doc. 23), which again refers to facts not included in the Amended Complaint, is also denied as it is a procedurally improper filing, and Plaintiff has not pleaded facts to support equitable tolling of the statute of limitations.

Motion for Leave to Amend

After all the briefing relative to the pending motion to dismiss was complete, in addition to the documents previously referenced, on September 20, 2024, Plaintiff filed a "Motion for Second Leave to Amend Complaint." (Doc. 27). Therein Plaintiff asserts he intends to "clarify" the timeline, discovery of facts, and the steps taken to pursue grievances and communications with both Defendants. *Id.* at 2-3. He further reiterates he "discovered the full extent of Defendant Conagra Brands' fraudulent concealment by August 31, 2023[.]" *Id.* at 3. He also states he "will argue that equitable estoppel applies[.]" *Id.* The Union moves the Court to strike the filing motion, and both Defendants ask the Court to deny it. (Docs. 28, 29). Plaintiff replies. (Doc. 30).

First, the Court agrees with the Union that Plaintiff's motion is, in effect, an improper attempt to file a sur-reply relative to the motions to dismiss. It is Plaintiff's third such filing attempting to argue the issues presented by Defendants' motions to dismiss subsequent to Defendants' filing of a reply brief, the final brief permitted by the Local Rules without obtaining leave of Court. Second, the Court agrees with both Defendants that granting Plaintiff's leave to amend is not appropriate because (1) Plaintiff has previously been granted leave to amend (Doc. 12) in response to substantially similar motions to dismiss originally filed by Plaintiffs (Doc. 6, 8) and did not cure the cited deficiencies with that amendment; and (2) Plaintiff's proposed amendment would be futile, as it does not change the above-described statute of limitations bar and pleading deficiencies. *See Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (although Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires[,]" leave may be denied based upon "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

12

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant United Food and Commercial Workers Union Local 75's Motion to Join Defendant Conagra Brands' Reply In Support of Its Motion to Dismiss Plaintiff's Amended Complaint (Doc. 24) be, and the same hereby is, GRANTED.

FURTHER ORDERED that Defendant Conagra Brands, Inc.'s Motion to Dismiss (Doc. 14) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendant United Food and Commercial Workers Union Local 75's Motion to Dismiss (Docs. 17), be and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion to Compel Discovery (Doc. 19) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Extension of the Statute of Limitations (Doc. 23) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Defendant Conagra Brands, Inc.'s Motion to Strike (Doc. 25) be, and the same hereby is, DENIED as moot; and it is

FURTHER ORDERED that Plaintiff's Second Motion for Leave to Amend (Doc. 27) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Defendant United Food and Commercial Workers Union Local 75's Motion to Strike (Docs. 29) be, and the same hereby is, DENIED as moot.

 s/ *James R. Knepp II*
 UNITED STATES DISTRICT JUDGE

 Dated: October 22, 2024