# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**CHARLES S. MURILLO,**           CASE NO. 3:24 CV 883

    Plaintiff,

    v.                                JUDGE JAMES R. KNEPP II

**CONAGRA BRANDS, INC., et al.,**

    Defendants.                       **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Charles S. Murillo moves (Doc. 32) to alter or amend this Court's October 22, 2024, decision (Doc. 31). Defendants ConAgra Brands, Inc. and United Food and Commercial Workers Local Union 75 ("the Union") oppose. (Docs. 33, 35). For the reasons set forth below, the Court denies Plaintiff's motion.

## BACKGROUND

By way of brief procedural background, Plaintiff first filed his Complaint in the Fulton County, Ohio Court of Common Pleas. (Doc. 1-2). Following removal to this Court, both Defendants filed Motions to Dismiss, asserting, *inter alia*, Plaintiff's claims were barred by the statute of limitations. (Docs. 6, 8). The Court granted Plaintiff leave to amend his complaint (Doc. 12), and Plaintiff did so (Doc. 13). Defendants then moved to dismiss the amended complaint, again arguing the statute of limitations. *See* Docs. 14, 17. The Court granted those motions. *See* Doc. 31. Plaintiff now moves to alter or amend that determination. (Doc. 32).

### STANDARD OF REVIEW

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "A motion under Rule 59(e) is not an opportunity to re-argue a case. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th. Cir. 1998) (citation omitted).

### DISCUSSION

Plaintiff seeks to alter or amend this Court's prior determination granting Defendants' respective motions to dismiss Plaintiff's amended complaint. (Doc. 31) (Memorandum Opinion and Order). He contends the Court (1) "erred in concluding that Plaintiff failed to plead sufficient facts to invoke equitable tolling"; (2) "improperly dismissed Plaintiff's hybrid LMRA claim by evaluating union and employer breaches in isolation"; and (3) "overlooked specific procedural violations of the grievance process required under the CBA". (Doc. 32, at 3). Plaintiff further argues that as a *pro* se litigant, he is entitled to a liberal construction of his pleadings and contends this entitles him to reconsideration. *Id.* at 4; *see also id.* at 5 ("By applying strict technical standards to Plaintiff's pleadings, the Court failed to honor the Supreme Court's directive in *Haines* [*v. Kerner*, 404 U.S. 519 (1982)] to provide pro se litigants a fair opportunity to present their claims."). Finally, "[i]n support of the motion to alter or amend judgment, Plaintiff respectfully asserts that newly provided facts, outlined in the attached affidavit, warrant leave to amend the complaint." (Doc. 32, at 5). Upon review, the Court finds Plaintiff has not

2

established a basis under Rule 59(e) upon which to alter or amend the Court's prior determination.

The Union argues preliminarily that "Rule 59(e) only allows for reconsideration of judgments" and because "Plaintiff failed to state a claim upon which relief could be granted, the merits of this case were never considered, and no judgment was ever issued", "Plaintiff's motion is improper and should be denied as such." (Doc. 33, at 2). The Union cites no law for this proposition that Rule 59(e) may not be used to challenge a court's ruling on a motion to dismiss, and courts routinely apply the rule to such determinations. *See, e.g.*, *Reo v. Lindstedt*, 2021 WL 5368695, at *1 (N.D. Ohio); *Georgalis v. Facebook, Inc.*, 2018 WL 6018017, at *1 (N.D. Ohio). Although the Court inadvertently omitted the filing of a separate judgment entry, the Federal Civil Rules define a "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Here, the Court's Memorandum Opinion and Order resolved all the claims in the case, and as such, was a final order from which Plaintiff could appeal. As such, the Court declines to deny the motion on this basis.

Next, both Defendants contend that Plaintiff has not established entitlement to relief under Rule 59. On this point, the Court agrees.

First, upon thorough review, the Court finds Plaintiff has not demonstrated any clear error of law or manifest injustice. Fed. R. Civ. P. 59(e).

Second, although Plaintiff's motion contains an entire section entitled "Newly Discovered Facts" (Doc. 32, at 6-8), these facts are similar to (and largely repetitive of) facts presented in Plaintiff's amended complaint, or are facts that could have been discovered and presented earlier. Plaintiff provides no explanation as to how these facts are "newly discovered" within the meaning of Rule 59(e). *See, e.g.*, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th

3

Cir. 2008) (affirming denial of Rule 59(e) motion when a new affidavit "was, at best, newly *submitted* evidence, not newly *discovered* evidence" (emphases in original)); *Howard v. Magoffin Cnty. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2011) (refusing to consider newly submitted, but not newly discovered, evidence). As "[a] motion under Rule 59(e) is not an opportunity to re-argue a case" or an opportunity to "raise arguments which could, and should, have been made before judgment [was] issued", *Engler*, 146 F.3d at 374, the Court finds this argument unavailing.

Third, although Plaintiff correctly identifies that *pro se* pleadings are to be liberally construed, he incorrectly extrapolates that this means he is not subject to the pleading standards set forth in the federal rules. *See, e.g.*, *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se [litigants] . . . is not boundless. Traditionally the "leniency standard" has still required basic pleading standards."); *Smith v. City of Cleveland*, 2014 WL 639833, at *2 (N.D. Ohio) ("Importantly, while courts must construe *pro se* complaints liberally in favor of the plaintiff, *pro se* plaintiffs must also satisfy the 'facial plausibility' standard articulated in *Twombly* and *Iqbal*." (citing *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010)). Plaintiff was permitted to amend his complaint in response to the statute of limitations arguments presented by Defendants' original motions to dismiss. His amendments did not remedy the timeliness defect. He was not entitled to further amendment or additional consideration.

In conclusion, the Court finds Plaintiff has not demonstrated a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. As such, his Rule 59(e) motion to alter or amend will be denied. To the extent Plaintiff disagrees with this Court's prior determination, his proper remedy is an appeal.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Alter or Amend (Doc. 32) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2025
